**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 16, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60610
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT EARL RAIFORD,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
(No. 2:03-CR-25-1)
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Robert Earl Raiford appeals his conviction
and sentence for carjacking and brandishing a firearm during a
crime of violence. He asserts that the evidence was insufficient
to establish that he intended to cause death or serious bodily
injury, that the government failed to prove he committed a crime of
violence, and that his sentence is unconstitutional pursuant to
United States v. Booker, 543 U.S. 220 (2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Regarding the contention that the evidence did not establish Raiford intended to cause death or serious bodily harm, the witnesses testified that Raiford approached the car while waving a gun in his hand, that he pointed the gun at the driver of the car, and that he demanded the use of the car.  There was also testimony that immediately preceding the carjacking, Raiford shot Sherkila Bourne.  The jury could have inferred from this evidence that Raiford would have attempted to seriously harm or kill the victim if that had been necessary to complete the taking of the car. United States v. Harris, 420 F.3d 467, 471 (5th Cir. 2005); Holloway v. United States, 526 U.S. 1, 11-12 (1999).  Viewing it in the light most favorable to the verdict, the evidence was sufficient to support Raiford's carjacking conviction.  Jackson v. Virginia, 443 U.S. 307, 319 (1979).

We next consider Raiford's contention that the conviction for brandishing a firearm during a crime of violence cannot stand because the evidence is insufficient to support his carjacking conviction, a crime of violence.  This argument is without merit because the evidence is sufficient to support Raiford's carjacking conviction, which negates his challenge to the conviction for brandishing a firearm during a crime of violence.

Finally, we turn to Raiford's contention that his sentence is unconstitutional in light of United States v. Booker, 543 U.S. 220 (2005).  Specifically, Raiford argues that the district court violated his Sixth Amendment right to a jury trial when it enhanced

his sentence based on the court's finding that a victim sustained serious bodily injury and that an individual was abducted to facilitate the commission of the offense. He states that these facts were neither admitted by him nor found by a jury beyond a reasonable doubt. This contention, too, is without merit because Raiford was sentenced after Booker was decided and thus pursuant to an advisory guidelines scheme. Consequently, the district court's sentencing determination was under an advisory guidelines scheme, so the two contested enhancements applied to Raiford's case did not violate his Sixth Amendment right to a jury trial. See Booker, 543 U.S. at 233, 259.

Raiford's conviction and sentence are AFFIRMED.